UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 10-38-HRW

HERBERT R. SMITH, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

RICK L. YOUNG, et al.,, DEFENDANTS.

This matter is before the Court upon the Plaintiff's Motion for Summary Judgment [Docket No. 40] and Defendants' Motion for Summary Judgment [Docket Nos. 43 and 44]. For the reasons set forth herein, the Court finds that Defendants are entitled to judgment as a matter of law.

I. **BACKGROUND**

Plaintiff Herbert Smith filed this civil action, alleging that his applications for low-income housing were wrongfully denied.

On or about September 15, 2009 the Plaintiff completed an application for housing with the Housing Authority of Ashland. In his application, he admits that he was recently releases from prison after serving 15 years for robbery.

In addition to the application he also signed the "Authorization for the Release of Information/ Privacy Act Notice" provided by the U.S. Department of

Housing and Urban Development (HUD) and the "Authorization for Release of Information" provided by the Housing Authority of Ashland.

With these authorizations the Housing Authority of Ashland conducted a criminal background check on Plaintiff, which confirmed his conviction for armed robbery, escape from jail and theft by deception. The background check also confirmed his release from prison on July 2, 2009.

By letter dated, September 18, 2009, Defendant Rick Young, Executive Director of the Housing Authority of Ashland, advising Plaintiff that he was not eligible for housing. The reason stated for ineligibility is "[unsatisfactory police report." The letter further advised Plaintiff that should he wish to discuss this matter with Defendant Young, he should call the number listed on the letterhead within fourteen days. There is no evidence in the record that Plaintiff contacted Defendant Young in this regard.

On April 23, 2010, Plaintiff filed this civil action against Rick Young, and other associated with the Ashland Housing Authority alleging violation of his civil rights, pursuant to 42 U.S.C. § 1983.

All parties seek summary judgment.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure the Court must view the evidence in the light most favorable to the nonmoving party, in this case, the Plaintiff. Thus, when examining the record the Court will resolve doubts and construe inferences in favor of the Plaintiff in an effort to determine if any genuine issues of material fact exist.

The United States Court of Appeals for the Sixth Circuit has interpreted the "trilogy" to mean that the nonmoving party must produce enough evidence, after having had a reasonable opportunity to conduct discovery, so as to withstand a directed verdict motion. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1477 (6th Cir. 1989).

## IV.   ANALYSIS

Pursuant to federal law The Housing Authority of Ashland sets forth its local policies in its Admissions and Continued Occupancy Policy (ACOP), which is approved by HUD. The ACOP provides:

> SECTION X. GROUNDS FOR DENIAL OF ADMISSION.
> 1. The Housing Authority is neither required nor obligated to assist families who:
> E. Convicted of drug related criminal activity or violent criminal activity.
> The PHA shall prohibit admission to any household that includes any

3

>individual who is subject to a lifetime registration requirement under a State Sex Offender Registration program;
>H. Has a history of criminal activity involving crimes of physical violence to persons or property and other criminal activity which may adversely affect the
>health, safety or welfare of other tenants.

[Docket No. 43, Exhibit No. 4].

The policy further provides that, as a general rule, applicants may be denied admission to public housing for the following time frames, which shall begin on the date of application, unless otherwise provided herein below: (c) denied admission for five years for the following: an arrest or conviction record that indicates the applicant may be a threat and/or a negative influence on other residents. The five years shall begin on the date of the last reported act, completion of sentence and/or probation period (whichever is later). [Docket No. 43, Exhibit No. 4].

It is undisputed that Plaintff's application was denied based solely upon his criminal history for armed robbery and his recent release from prison. The factual statements herein are uncontroverted. The Plaintiff admits that he spent 15 years in prison for armed robbery, admits that he was released from prison in July 2009, applied for and was denied housing in September 2009. The Defendants are not required to offer housing to those with criminal history.

Moreover, Plaintff falls squarely into the policy set forth above, denying housing to those release from prison within five years prior to their application.

Plaintiff has not identified nor alleged any violations of civil rights other than his alleged class of former incarcerated individual. Contrary to Plaintiff's assertion, there is no law which mandates protection for those with a criminal history in the public housing context. Therefore, Plaintiff's claim is without merit and the Defendants are entitled to Judgment as a matter of law.

V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [Docket No. 40] be **OVERRULED** and Defendants' Motion for Summary Judgment [Docket Nos. 43 and 44] be **SUSTAINED**.

This 5th day of March, 2012.



Henry R. Wilhoit, Jr., Senior Judge